**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH J. BROWN, | : | |
| | : | Civil Action No. 16-1194 (MAS) (DEA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAMIAN C. MURRAY, et al., | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Joseph J. Brown brings this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court dismisses the Complaint.[1]

### I.   FACTUAL BACKGROUND

For the purposes of this Opinion, the Court accepts all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. Plaintiff was allegedly a pretrial detainee at the South Woods State Prison in Bridgeton, New Jersey when the Complaint was filed.[2] (Compl. 2-

---

[1]   Because the Court is dismissing the Complaint, Plaintiff's motions for pro bono counsel, ECF Nos. 1-2 and 5, are denied as moot.

[2]   Although the Court construes Plaintiff's claims as that of a pretrial detainee with respect to the criminal action he challenges here, in actuality, Plaintiff is serving a prison sentence for

3, ECF No. 1.) Plaintiff alleges that he was arrested by Defendant Sergeant Jason Froberg "for making a 911 phone call reporting misconduct . . . by a law enforcement officer." (*Id.* at 8.) Plaintiff was charged with one count of disorderly conduct and one count of making terroristic threats. (*Id.*) Plaintiff was placed in the Ocean County Jail, and bail was set at $2,500. (*Id.*) During the subsequent criminal prosecution, Plaintiff asserts that Defendant Steven Zabarsky, a prosecutor at the Municipal Court of Beachwood, failed to comply with his discovery requests. (*Id.* at 8-9.) Petitioner further asserts that Defendant Damian C. Murry, the judge in his criminal matter, "tr[ied] to intimidate [Plaintiff] into taking a guilty plea with threats and sexual harassment slander comments." (*Id.* at 9.) Without any other supporting factual allegations or explanations, Plaintiff alleges, in a conclusory fashion, that the aforementioned actions constituted (1) assault, (2) false arrest, (3) wrongful imprisonment, (4) falsifying documentation and false swearing, (5) illegal prosecution, and (6) violations of due process. (*Id.* at 8-10.) Furthermore, Plaintiff names his public defender, Brian E. Rumpf, as a defendant, for ineffective assistance of counsel and gross negligence. (*Id.* at 10.) Plaintiff seeks dismissal of his state court charges, and other compensatory damages. (*Id.* at 11.)

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

---

unrelated convictions. *See* https://www20.state.nj.us/DOC_Inmate/details?x=1046457&n=1 (last visited Apr. 1, 2016).

2

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III. DISCUSSION

#### A. Defendant Rumpf

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

Public defenders are not state actors liable under § 1983, because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between

3

any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, No. 15-2323, 2015 WL 9583987, at *2 (3d Cir. Dec. 31, 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). As such, the Court dismisses all claims against Rumpf with prejudice.

### B. Claims Seeking Dismissal of Charges

In the balance of the claims in the Complaint, as described above, Plaintiff seeks injunctive relief, i.e. the dismissal of his state criminal indictment, as well as compensatory damages. With regard to Plaintiff's assertion of injunctive relief, in *Younger v. Harris*, the Supreme Court held that it is a "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. 37, 43-44 (1971). The "fundamental purpose of restraining equity jurisdiction within narrow limits is . . . important under our Constitution, in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Id.* at 44. As such, in the interest of comity and federalism, *id.*, "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010).

"[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Younger*, 401 U.S. at 46. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves

4

be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* "[A]bsent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy' in state court." *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (quoting *Younger*, 401 U.S. at 43).

Here, Plaintiff's allegations are insufficient to establish that any constitutional violation has occurred, and falls far short of a showing of the requisite irreparable harm necessary for this Court to assert jurisdiction. Beyond the scant factual allegations generally describing the alleged incident that gave rise to Plaintiff's arrest and subsequent criminal prosecution, the Complaint is devoid of any allegation that would explain why such arrest and prosecution were malicious or undertaken in bad faith—on the face of the Complaint, it appears to this Court that Plaintiff relies on the very acts of arrest and prosecution as "proof" of malicious intent. The Court need not and does not give credence to such conclusory allegations; courts are free to ignore factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Likewise, with regard to the alleged discovery violations, since trial has not yet commenced, the Court is unsure how Plaintiff's constitutional rights have been violated; the prosecutor may yet produce the discovery material Plaintiff seeks, or the trial court may order the prosecutor to produce.

Even if Plaintiff can establish that a constitutional violation has occurred, there are no allegations that the ongoing state criminal proceeding would be inadequate to protect his rights—indeed, the Complaint alleges that he has filed numerous motions with the trial court. (*See* Compl. 9-10.) Moreover, beyond the current criminal proceeding, adequate procedural safeguards exist

5

to further protect Plaintiff's rights; New Jersey has a direct appeal process, *see* N.J. Ct. R. 2:2, as well as avenues for post-conviction review, *see* N.J. Ct. R. 3:22. If Plaintiff feels strongly about having been wrongfully prosecuted, Plaintiff is free to prove his innocence at trial—the Court will not interfere with an ongoing state court proceeding and provide Plaintiff with an alternative federal forum to litigate issues that should be raised and addressed in the state court. *See Sixth Angel Shepherd Rescue, Inc. v. Schiliro*, 596 F. App'x 175, 178 (3d Cir. 2015) (*Younger* abstention appropriate when the defendant's direct appeal had not yet concluded, even though the defendant claimed that the criminal prosecution was retaliatory); *Hessein v. Union Cty. Prosecutors Office*, 569 F. App'x 99, 102 (3d Cir. 2014) (*Younger* abstention appropriate when the defendant failed to establish that the state criminal proceeding was inadequate to protect his rights and would cause irreparable harm). Accordingly, the Court declines jurisdiction over these claims pursuant to *Younger*, and dismisses them without prejudice.

### C. Damages Claims

As for Plaintiff's damages claims, the Court finds that they fail to state a claim upon which relief may be granted. As the Court found above, the Complaint is utterly devoid of factual allegations to support Plaintiff's claims; the Complaint relies solely on the acts of arrest and prosecution themselves as "proof" of unconstitutional conduct. For example: (1) while Plaintiff alleges false arrest and subsequent false imprisonment, there is no allegation showing why the arrest and imprisonment lacked probable cause, *see Couden v. Duffy*, 446 F.3d 483, 494 (3d Cir. 2006) (holding that a false arrest claim is predicated upon a lack of probable cause); (2) while Plaintiff alleges assault, there are no factual allegations about who assaulted him, where and when the assault occurred, or what injuries, if any, Plaintiff suffered; (3) while Plaintiff alleges falsifying documentation and false swearing, Plaintiff does not even attempt to identify what document(s)

and testimony were false, let alone why they were false; and (4) while Plaintiff alleges illegal prosecution, he does not allege that the prosecution terminated in his favor—indeed, as noted above, it appears the prosecution has yet to conclude, *see Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (holding that a malicious prosecution claim requires the criminal proceeding to end in plaintiff's favor).

Accordingly, the Court finds that the Complaint has failed to satisfy the pleading standard under Rule 8, and all of Plaintiff's damages claims are dismissed without prejudice. *See Twombly*, 550 U.S. at 555 ("While a complaint . . . does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]"); *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (To survive dismissal for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible) (citation omitted). Plaintiff may, within thirty days of the date of entry of the accompanying Order, move to reopen the case by filing an amended complaint that cures all of the deficiencies identified herein. However, the Court will not entertain any claims to enjoin or dismiss the ongoing state criminal action, for the reasons stated above; Plaintiff's amendments shall be confined to his damages claims only, consistent with the holdings of this Opinion.

## IV. CONCLUSION

For the reasons set forth above, all claims against Defendant Rumpf are DISMISSED WITH PREJUDICE, all other claims are DISMISSED WITHOUT PREJUDICE, and the Complaint is DISMISSED. Plaintiff's motions for pro bono counsel are DENIED as moot. Plaintiff may move to reopen by filing an amended complaint within thirty days from the date of entry of the accompanying Order.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

Dated: